## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| LUKE STRUB and CHRISTINE STRUB, | Civil No. 04-5010 (JRT/RLE) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| AUTO-OWNERS INSURANCE, | |
| Defendant. | |

Bray M. Dohrwardt, Lauren E. Lonergan, and Jonathan P. Schmidt, **BRIGGS & MORGAN, PA**, 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402, for plaintiffs.

Joseph F. Lulic and Timothy S. Poeschl, **HANSON LULIC & KRALL, LLC**, 700 Northstar East, 608 Second Avenue South, Minneapolis, MN 55402, for defendant.

Plaintiffs Luke and Christine Strub ("the Strubs") bring this lawsuit against their insurer, defendant Auto-Owners Insurance ("Auto-Owners"), asserting claims of breach of contract, promissory estoppel, consumer fraud under Minn. Stat. § 325F.69, and declaratory judgment. The parties have filed cross motions for summary judgment. For the following reasons, the Court grants in part and denies in part the motions.

### BACKGROUND

The Strubs owned a home in Sandstone, Minnesota. On January 8, 2004, the Strubs' house was totally destroyed by fire. The Strubs had a homeowner's insurance

policy with Auto-Owners. Under the terms of the policy, the Strubs were insured for the "current replacement cost" of their house. Auto-Owners's adjuster, John Eaton ("Eaton"), was assigned to the Strubs' policy. Eaton met with the Strubs and the contractor, Chris Gunderson ("Gunderson"), to discuss plans to construct a replacement house. Construction on the replacement house began on April 1, 2004.

On June 8, 2004, Auto-Owners informed the Strubs that it would pay them roughly $700,000 under their policy to rebuild the house. This figure was less than the amount estimated by Gunderson, who had estimated that it would cost $1.1 million to rebuild the house. After Auto-Owners informed the Strubs of the amount it would pay, Gunderson stopped working on the house, and the Strubs were forced to find other contractors to complete the house. Auto-Owners has paid the Strubs $727,296.06, which it contends is equal to, or greater than, the current replacement cost of the Strubs' house that was destroyed.

## ANALYSIS

**I.     Summary Judgment Standard**

Summary judgment is appropriate in the absence of any genuine issue of material fact and when the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A court considering a motion for summary judgment must view all of the facts in

the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The Strubs raise four claims against Auto-Owners: breach of contract, promissory estoppel, consumer fraud under Minn. Stat. § 325F.69, and declaratory judgment under the policy. Auto-Owners seeks summary judgment on the Strubs' claims, arguing that it has already been paid the amount to which the Strubs are entitled under the policy. The Strubs seek partial summary judgment against Auto-Owners, contending that Auto-Owners has not paid them the amount to which they are entitled, and that the only issue remaining for trial is the amount of damages.

## II.    Breach of Contract

The Strubs allege that Auto-Owners failed to pay them the current replacement cost of their house, in breach of the policy. Auto-Owners responds that it has paid the Strubs the current replacement cost of the house and has not, therefore, breached the policy. Whether Auto-Owners has breached the policy therefore depends on the value of the current replacement cost of the Strubs' house.

The Court finds that there are genuine issues of material fact as to the amount of the "current replacement cost" of the house. For example, the parties dispute the number of square feet that should have been used in determining the current replacement cost of the house. The Strubs, using certain plans and estimates, argue that their house was over 3,000 square feet, while Auto-Owners, citing similar kinds of evidence, contend that the

house was approximately 2,000 square feet. The size of the Strubs' house is one of the factors considered in determining the current replacement cost. In addition, the parties dispute whether the Strubs' house contained certain luxury features, such as cathedral ceilings and a wet bar, and if so, the value of those items. Whether the Strubs' house did contain luxury features, and if so, the value of those features, affects the amount of the current replacement cost of the house. The parties have supported their contentions with affidavits and deposition testimony, as well as documentary evidence including estimates and plans. The Court finds that these are genuine issues of material fact that must be resolved by a jury.

The Strubs also allege breach of contract based on Auto-Owners's failure to pay personal property coverage and additional living expenses under the terms of the policy. Auto-Owner responds that it has already paid the Strubs all amounts to which they are entitled under the policy. The personal property coverage is based on the current replacement cost of the house. Because the Court finds that there are genuine issues of material fact on the issue of the current replacement cost of the house, summary judgment is also precluded on the Strubs' related claim for personal property coverage. Similarly, the parties have presented conflicting evidence regarding the amount of the Strubs' additional living expenses. Because the Court finds that there are genuine issues of material fact as to the amounts of the current replacement cost, personal property coverage, and additional living expenses, summary judgment is inappropriate on any of these breach of contract claims.

### III.     Promissory Estoppel

The Strubs assert a claim of promissory estoppel in the alternative to their breach of contract claim.  The Strubs allege that they relied on a promise by Eaton, Auto-Owners's adjuster, that Auto-Owners would pay $1.1 million as the current replacement cost of the house.

Equitable or promissory estoppel is available in insurance coverage cases where (1) there has been a misrepresentation of material fact, (2) the party to be estopped knew of or should have known that the representation was false, (3) the party to be estopped intended the representation to be acted upon, (4) the party asserting equitable estoppel lacked the knowledge of the true facts, and (5) the party asserting the estoppel did, in fact, rely upon the misrepresentation to his or her detriment.[1]  *Transamerica Ins. Co. v. Int'l Broadcasting Corp.*, 94 F.3d 1204, 1208-09 (8th Cir. 1996).  Further, "[o]nce it is established that one who purports to represent an insurance company is its agent, a parol contract will bind the company if it is within the actual, implied, or apparent authority of the agent."  *Pesina v. Juarez*, 181 N.W.2d 109, 112 (Minn. 1970).

---

[1] Auto-Owners also argues that equitable estoppel is not available to the Strubs.  First, Auto-Owners asserts that estoppel is not available for post-loss representations under *Twin City Hide v. Transamerica Ins. Co.*, 358 N.W.2d 90 (Minn. Ct. App. 1984).  *Twin City Hide*, however, simply stands for the principle that detrimental reliance is an element of estoppel, and the court in that case found that there was no reliance.  Here, the Strubs allege that they detrimentally relied on Eaton's representation to Gunderson that Auto-Owners would pay $1.1 million to rebuild the house by permitting Gunderson to begin work on the house.  Therefore, the mere fact that the Strubs are relying on a post-loss representation does not preclude an equitable estoppel claim.  Second, Auto-Owners argues that Gunderson "lacked standing" under Minn. Stat. § 72B.03 to enter into an agreement on the Strubs' behalf in reviewing construction plans with Eaton.  That statute, however, sets forth the requirement that independent adjusters receive a license from the insurance commissioner, and does not impact whether Gunderson, as the contractor, was also acting as the Strubs' agent in those circumstances.

The Strubs allege that Eaton promised that Auto-Owners would pay $1.1 million as the "current replacement cost" of the house, and that he knew or should have known that representation was false.  The Strubs also allege that Eaton intended them to rely on that promise by telling them to commence construction of the new house, and that they did rely on that promise to their detriment, by permitting Gunderson to commence work.  The Strubs support their allegations by referring to a list of features for the new house, with Eaton's notation of "ok" next to most of them.  The Strubs argue that this document, combined with other conversations and meetings, shows that Auto-Owners, through Eaton, agreed on the features and a current replacement cost of $1.1 million.

Auto-Owners, however, counters that Eaton made no such promise.  With respect to the list of features to be included in the house, Auto-Owners responds that "ok" in this context simply meant that Eaton, the Strubs, and Gunderson had discussed the feature at a meeting, but did not mean that they agreed that the given feature would be included.  Auto-Owners also contends that Gunderson never provided Eaton with the specific total estimate of $1.1 million to rebuild the house.  Further, Auto-Owners argues that Eaton did not tell the Strubs to commence construction on the house.

Viewing the facts in the light most favorable to the non-movant, as the Court must on a motion for summary judgment, the Court finds that there are genuine issues of material fact on the Strubs' alternative promissory estoppel claim.  The parties have presented conflicting evidence regarding whether Eaton represented that Auto-Owners would pay $1.1 million as the current replacement cost of the house and the Court is unable to resolve this material factual dispute on a motion for summary judgment.  The

parties similarly dispute whether Eaton told the Strubs to commence construction on the house. Summary judgment is denied on the Strubs' alternative promissory estoppel claim.

**IV.     Minn. Stat. § 325F.69**

Section 325F.69 prohibits the "act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise . . . ." Minn. Stat. § 325F.69, subd. 1 (2005). The Strubs allege that Auto-Owners violated Minn. Stat. § 325F.69 by misrepresenting that it would provide the Strubs coverage for the current replacement cost of their home, when in fact it has not provided them coverage for the current replacement cost of their home.

As already discussed, Auto-Owners does not dispute that the Strubs are entitled to the current replacement cost of their old house. Rather, Auto-Owners simply disputes the amount of the current replacement cost, and it has supported its contention, as have the Strubs, with evidence, including plans, charts, deposition testimony, and affidavits. Moreover, the Strubs have not alleged, and there is nothing in the record before the Court to indicate, that Auto-Owners is disputing the amount of current replacement cost of the house in bad faith, or that it is part of a scheme to wrongfully deprive the Strubs of the coverage to which they are entitled. Because Auto-Owners concedes that the Strubs are entitled to the "current replacement cost" under the terms of their policy, the Court finds that Auto-Owners's representation that the Strubs would receive coverage for the

"current replacement cost" was not false. Therefore, the Strubs' claim under Minn. Stat. § 325F.69 fails as a matter of law and their motion for summary judgment is denied.

## V.     Declaratory Judgment

The Strubs seeks a declaratory judgment that they are entitled to the "current replacement cost" of their house as it existed at the time of the fire under the policy. Auto Owners admits that the Strubs are entitled to the "current replacement cost" of their house as it existed at the time of the fire, and thus this part of plaintiff's motion is unopposed. The Court finds that there are no issues of fact regarding the scope of coverage under the policy, and therefore grants the Strubs' motion for a declaratory judgment.

This case will be placed on the Court's next available trial calendar.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Auto-Owners's Amended Motion for Summary Judgment [Docket No. 33] is **DENIED**.

2.    Luke and Christine Strubs' Motion Partial Summary Judgment [Docket No. 37] is **GRANTED in part and DENIED in part** as follows:

> a.    The Strubs' Motion Partial Summary Judgment on their claim for a declaratory judgment is **GRANTED**.

      b.      The Strubs' Motion for Partial Summary Judgment is in all other respects **DENIED**.

    3.    The Court hereby **DECLARES** that the Strubs are entitled to the "current replacement cost" of their house as it existed at the time of the fire under their policy with Auto-Owners.

DATED:   August 4, 2006                          s/ John R. Tunheim
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                                   United States District Judge